BROWN ET AL. *v.* STATE OF INDIANA.

[No. 26,642. Filed January 14, 1937.]

*Connor D. Ross* and *Tucker & Tucker,* for appellants.

*Philip Lutz, Jr.,* Attorney-General, and *William E. Bussell,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellants, plaintiffs below, brought this action for an assessment of damages to their residence property caused by the construction of State Road 56 as it entered Paoli from the northeast. Objections were filed to the amended complaint of the appellant which were sustained and the court refused to appoint appraisers to fix the damage. The appellants refused to plead further and judgment was rendered against them and in favor of appellee. From this judgment appellants appeal.

The error relied upon for reversal is the refusal of the court to make an order appointing appraisers, and

error in sustaining appellee's demurrer, in the form of objections, to appellant's complaint.

The complaint of appellants, among other things, alleges:

"That immediately east of the town of Paoli is a steep hill which slopes toward and within the corporate limits of said town; that Campbell Street in said town extends in an easterly and westerly direction and extends upgrade on that part of the hill within said town; that Third Street in said town extends in a northerly and southerly direction and over said hill at a point near the foot thereof and crosses Campbell Street; that plaintiff's real estate is located in the northwest corner of the intersection of Third and Campbell Streets; that Thornton Street, which extends east and west, and Main Street, which extends in an easterly and westerly direction, are the first streets north and south, respectively, of Campbell Street; and that Third Street, as laid out and used prior to said construction work by the defendant, gradually rises from Thornton Street, or is upgrade, to Campbell Street, from which point it gradually declines to Main Street, and that the highest point in said elevation between Thornton and Main Streets, is at the intersection of Campbell and Third Streets as aforesaid.

"That in said construction work, State Highway No. 56 has been relocated in part and especially at and within the corporate limits of Paoli; that, prior to said construction work, it entered said town by way of Main Street; that said State Highway now as so laid out, relocated and constructed by defendant, through said commission, enters the town of Paoli from the northeast around the north side of said hill, curves to the south and intersects Third Street at a point a short distance north of the intersection of Third and Campbell Streets and extends over and upon a part of Third Street as previously laid out and used, to the south where said highway connects with Main Street, which said Main Street has heretofore been designated and improved by said defendant through said commission as State Highway No. 150; that the point of intersection of said Highway No. 56 with Third Street is as aforesaid at the highest point between Thornton Street

and Main Street. That said state highway as constructed does not meet the grade at the intersection of Third and Campbell Streets as it existed before the relocation and construction of said state highway and that at the highest point between Thornton Street and Main Street, which is at the intersection of Campbell Street and Third Street, as aforesaid, the defendant, through said commission, has constructed the grade of said highway to an elevation of approximately 11 feet above the grade of said streets at said intersection. That by reason of the construction of said grade it was impossible for traffic on that part of Third Street north of its intersection with Campbell Street to enter upon said state highway as so constructed and it was also impossible for traffic on Campbell Street from the west to enter upon said state highway from Campbell Street. That, in order to permit traffic, on Third Street north of Campbell Street to enter upon said highway, said defendant, through said commission, has constructed a steep approach on Third Street from the north to meet the grade of said State Highway; and, to permit traffic from the west on Campbell Street to enter upon said highway, defendant, through said commission, has constructed a steep approach on Campbell Street along the south side of plaintiff's property to meet the grade of said State Highway. That by reason of the construction of the grade of said highway as aforesaid and the construction of said approaches on Third and Campbell Streets, respectively, plaintiffs' property is now approximately eleven (11) feet below the grade of said State Highway and the approaches at the intersection as so constructed by defendant.

"That, in the construction of said highway and the grade thereof as aforesaid, the defendant, through said commission, has taken and acquired lands and rights beyond the limits of Third Street and Campbell Street and has moved the traveled way of Third Street so that the center line of the new state highway is east of the center line of Third Street as previously laid out and used and that, by reason thereof, a strip off the west side of said street and north of Campbell Street has not been used in the construction of said grade and approach thereon, but has been practically abandoned and, as it now

exists, forms a partial 'dead-end' street by reason of the construction of the approach on Campbell Street.

"That in the construction of said highway and the grade and approaches as aforesaid these plaintiffs have been deprived of valuable rights in this: That long prior to the construction of said highway their said lot was on approximately the same grade as the grades of Third Street and Campbell Street, respectively, and the buildings thereon were erected in conformity to the grades of such streets; that, by reason thereof, their said property was afforded the full use and enjoyment of said streets as to the rights of ingress, egress, light, vision, air, and drainage; that by reason of the construction of said grade and approaches the only means of ingress and egress to and from plaintiff's premises by means of a vehicle are by way of Thornton Street hence on Third Street along the west side of said approach on Third Street as now constructed and, by reason of the construction of said approach on Third Street, it is inconvenient and almost impossible to leave said premises in a vehicle without backing or reversing it to a point on Third Street beyond and north of the beginning point of the approach on said street. That, by reason of the construction of said grade and approaches, water, dirt, mud and filth are washed down on plaintiff's premises to the great damage thereof and to the inconvenience and injury of plaintiffs in the use and occupancy thereof; and the drainage facilities along said streets have been hampered and damaged. That by reason of said construction, the use and enjoyment of Third Street and Campbell Street, respectively, as such streets, as to plaintiffs' said property, has been destroyed, and that no part of said construction was done and performed as an improvement of or for the use of said streets as previously laid out and improved, but solely for the purpose of the construction and use of said highway; that the construction of said streets, by means of approaches, to the elevation of said highway was not, and could not have been, reasonably anticipated by plaintiffs or by any of their predecessors in title, nor by the town of Paoli; and that by reason thereof traffic now and in the future using either of said streets or said highway at said point of intersection and on each of said approaches near

plaintiffs' property, is and will be, at an elevation of approximately eleven feet above the grade of plaintiffs' said lot and to the great damage to the value of plaintiffs' said premises.

"That by reason of said construction work, the rights to the free use of Third and Campbell Streets, as a way of passing from plaintiffs' property to the south and to the east have been destroyed; and that the embankments of approaches so constructed along the south and east sides of said property as aforesaid have obstructed the vision of these plaintiffs to the south and east and have deprived plaintiffs of light and air afforded them and their said property prior to the interference with said streets in said construction work. That by reason of the facts aforesaid and each of them, the acts of the defendant in so constructing embankments on said streets and the acquisition of lands beyond the limits thereof for such purpose and the disuse and abandonment as aforesaid of a part of Third Street, all as hereinbefore alleged, constitute a new and different use of the land and rights of the defendant in and to said streets.

"That immediately prior to the construction of said highway and approaches as aforesaid, plaintiffs' said real estate was of the reasonable cash market value of $5,000.00 and that immediately after such construction the reasonable cash market value was $500.00.

"That each and all of the valuable rights of these plaintiffs in and to their said real estate and to the use and enjoyment of said streets were so taken by the defendant, through said commission, without compensation and without any proceedings under the statutes of Indiana governing the acquirement thereof under the right of eminent domain; that these plaintiffs have made an attempt to agree with said defendant, through said commission, as to the amount of damages and as to the right of said defendant to acquire such rights, but that defendant, through said commission, has refused to negotiate or to pay these plaintiffs' compensation."

The objections or demurrer to the complaint are lengthy and will not be set out. In substance, they go to the proposition that the facts as set out were not

sufficient for the lower court to appoint appraisers to assess damages for the reason that under the allegations of the complaint the appellants were not entitled to damages, as the injury, if any, complained of was incident to the improvement of Third and Campbell Streets in Paoli; namely, the raising of grades thereof, and, hence, not compensable.

The appellants contend that under the allegations of their complaint, their property has been taken without compensation in violation of Article 1, Section 21, of the Constitution of Indiana. This is the direct question for our consideration.

It is not contended by appellants that the appellee actually took and appropriated a certain tract or parcel of real estate belonging to them. It is their contention that the free use and enjoyment thereof has been impaired; and, therefore, there has been a *taking* within the constitutional provision. It has been said by this court:

"It seems axiomatic in that if property may not be physically taken without just compensation under due process of law, that one cannot be deprived of its use or enjoyment—for that is in effect a taking." *School Town of Andrews* v. *Heiney* (1912), 178 Ind. 1, 8, 98 N. E. 628.

We adhere to this statement of the law. It was further stated in the foregoing case (p. 7) that:

"What is a taking of property within the constitutional provision is not always clear, but so far as general rules are permissible of declaration on the subject, it may be said that there is a taking when the act involves an actual interference with, or disturbance of property rights, which are not merely consequential, or incidental injuries to property or property rights, as distinguished from prohibition of use, or enjoyment, or destruction of interests in property."

It is the theory of the appellants' complaint and

briefs that there was a *taking* of their property be-
cause it was injured and the use impaired on
account of the change of the grade of certain
streets in the construction of state road No. 56.

The State Highway Commission was authorized to
construct the road in question under section 36-116
Burns' Indiana Statutes 1933, §8655 Baldwin's 1934, Acts
1933, page 78. It was authorized to take over, maintain
and improve Third Street in the town of Paoli in con-
junction with state road No. 56; it also had the right
and power, as given by the legislature, to make ap-
proaches to said highway. All this was done, and, as
appears from appellants' complaint, the free use of the
property is somewhat impaired and damaged by the
construction of said road. The question presented is
whether such damage is merely consequential or inci-
dental injuries which the appellants must suffer with-
out compensation.

We think the law is well settled in this state relative
to the question presented. In the case of *Morris et al.* v.
*City of Indianapolis et al.* (1912), 177 Ind. 369, 385,
94 N. E. 705, this court said:

> "The rule appears to be well settled that where
> work of public necessity and convenience has been
> performed within the limits of a public street of a
> city or town, through the properly constituted offi-
> cials under statutory authority, and without neg-
> ligence or lack of skill, no legal liability arises
> against the city or town in favor of an abutting
> property owner for consequential injury or dam-
> ages sustained by him. This rule applies in full
> force in denying a right of action to a property
> owner for injuries or damages resulting on account
> of the alteration or change of the grade of the street
> or streets on which his property abuts. It is equally
> well settled by our own decisions, that such conse-
> quential injury does not come within the provision
> of the state Constitution, which prohibits the tak-
> ing of private property for public use without com-

pensation therefor being first assessed and tendered." (Citing a long list of cases.)

The foregoing case grew out of the change of grade of Kentucky Avenue in the city of Indianapolis by lowering or depressing the grade to such an extent that the free use of the appellant's property was greatly impaired and damaged. The court further said:

"In the case at bar, it does not appear that by the work in question there has been any invasion of appellants' property, or any appropriation thereof under the authority of eminent domain. Kentucky avenue, the particular street on which appellants' property abuts, has not been changed, neither has it been subjected to any new or additional servitude, but continues to be used for public travel to the full extent thereof. Under such circumstances, the rule appears to be well settled, that, in the absence of constitutional or statutory provision requiring compensation for property injured, as distinguished from property taken, no damages can be recovered by the abutting property owner for consequential injuries or damages resulting from elevating or depressing a street done in carrying it over or under railroad tracks or other obstructions, where such work and change are legally authorized in the interest of public safety and convenience." (Pages 386, 387.)

Many cases are cited in support of this proposition.

In the case of *Radcliff* v. *Mayor of Brooklyn* (1850), 4 New York 195, we find a very able presentation of the question involved in the instant case. It is also reported and annotated in 53 Amer. Dec. 357. It is there held that persons acting under an authority conferred by the legislature to grade, level, and improve streets and highways, if they exercise proper care and skill, are not answerable for the consequential damages which may be sustained by those who own lands bounded by the street or highway. And that this is so whether the damage results either from cutting down or raising the street, and, although the grade of the street had been

before established, and the adjoining landowners had erected buildings with reference to such grade.

The Supreme Court of the United States in the case of *Sauer* v. *City of New York* (1907), 206 U. S. 536, 27 S. Ct. R. 686, 51 L. Ed. 1176, said (p. 545) :

"The doctrine of the courts everywhere, both in England and in this country (unless Ohio and Kentucky are excepted), is that so long as there is no application of the street to purposes other than those of a highway, any establishment or change of grade made lawfully, and not negligently performed, does not impose an additional servitude upon the street, and hence is not within the constitutional inhibition against taking private property without compensation, and is not the basis of an action for damages, unless there be an express statute to that effect. That this is the rule, . . . is too well established by the decisions of this court to require the citation of authorities of other jurisdictions."

The propositions of law as laid down in the foregoing cases were followed and approved in the latest expression of this court in the case of *State of Indiana* v. *Patten et al.* (1936), 209 Ind. 482, 199 N. E. 577.

It cannot be said that, under the allegations of the complaint, there is a new use of the streets in question. No new application of the use of the streets is made; they are still used for highway purposes. There is no additional servitude upon the street and there is no contention that the construction of the work was negligently done. The injury sustained by the appellants is consequential, and the cases uniformly hold that for such an injury damages are not recoverable unless there is an express statute to that effect. We have no such statute in this state.

Judgment affirmed.

Roll, J., not participating.

Treanor, J., dissents.