STATE OF INDIANA, ETC. *v.* MARION CIRCUIT COURT, TRAVIS, SPECIAL JUDGE.

[No. 29,646. Filed October 9, 1958. Rehearing denied November 20, 1958.]

638

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Deputy Attorney General, and *Robert Hollowell,* Special Counsel, of Indianapolis, for petitioner.

*Edward B. Raub, Jr., Jacob S. White,* and *White, Raub & Forrey,* of counsel, all of Indianapolis, for respondents.

LANDIS, J.—We have before us in this cause a petition for writ of mandate and prohibition praying that

certain actions brought against petitioner in respondent court be commanded to be dismissed for want of jurisdiction.

The complaints filed in respondent court were by three owners and a lessee of improved real estate immediately adjacent to the east side of Madison Avenue (U. S. Highway 31), in the City of Indianapolis, seeking damages against the State of Indiana for the making of said Madison Avenue and U. S. Highway 31 from an ordinary street and highway into a limited access highway to said property owners' and lessee's alleged injury. The actions below were allegedly brought pursuant to provisions of the Eminent Domain Act of 1905[1] and the Limited Access Statute of 1945.[2]

From the complaints it appears that Madison Avenue was dedicated more than one hundred years ago, and thereafter became a part of the State Highway System and U. S. Highway No. 31. That the property in question is pie shaped in character and has a total frontage of 606.25 feet on said Madison Avenue to the west, and borders Caven Street 185.7 feet on the south. That the northern portion of said property which is occupied by a large two-story plant and outbuildings has a frontage of 481.25 feet on Madison Avenue, and the southern portion upon which a gasoline filling station is located has a frontage of the remaining 125 feet on Madison Avenue.

That the new limited access expressway being constructed is to be 50 to 60 feet west of the present Madison Avenue, and 13 to 19 feet below the present

1. Burns' Ind. Statutes §§3-1701 to 3-1712, 1946 Replacement, being Acts 1905, ch. 48, §§1 to 12, p. 59; 1907, ch. 184, §1, p. 306; 1935, ch. 76, §§1 to 3, p. 228.

2. Burns' Ind. Statutes, §36-3105, 1949 Replacement, being Acts 1945, ch. 245, §5, p. 1113.

grade thereof. That when the new expressway is finally constructed ingress and egress to and from, the property in question will be eliminated from said Madison Avenue. That the Highway Department proposes to construct a dead-end driveway 16 to 30 feet in width along the west side of said property proceeding southerly to said Caven Street where traffice proceeds to the east across a railroad crossing raised two feet by the highway construction, creating a hump. That such narrow dead-end service road is not adequate to transport the steel beams fabricated at lessee's plant on the northern portion of the property. That the only access to said property for either pedestrian or vehicular traffic requires a circuitous route of approximately one and one-half miles further than the present route which has utilized access to Madison Avenue. That the contemplated construction is an unlawful taking of land and the property owners' and tenant's rights of ingress and egress to and from Madison Avenue. Wherefore, the complainants pray for the appointment of appraisers for the assessment of damages.

The State of Indiana filed motion to dismiss the consolidated cause for the following reasons, viz.:

1. Want of jurisdiction of the Court of the person of the defendant, the State of Indiana.

2. Want of jurisdiction of the subject matter of the cause.

3. That the Court is without the power or authority to render the relief sought. (Tr. p. 159.)

The motion to dismiss was overruled and the State of Indiana petitions this court for a writ of mandate and prohibition for the dismissal of the consolidated causes. We issued the temporary writ.

Petitioner's contention, in substance, in support of the writ is that there was no jurisdiction in the consolidated causes over the subject matter, the person, or the particular cases, for the reason that under the Indiana Constitution the state can only be sued when authorized by a general act of the legislature,[3] which petitioner contends does not here exist.

Petitioner contends the general Eminent Domain Act of 1905, *supra,* and in particular §11 thereof (Burns' §3-1711, 1946 Replacement, being Acts 1905, ch. 48, §11, p. 59) relied on by respondent, viz.:

> "Any person having an interest in any land which has heretofore been or may hereafter be taken for any public use without having first been appropriated under this or any prior law may proceed to have his damages assessed under this act, substantially in the manner herein provided."

is not applicable, asserting that said section applies only where actual property is taken and does not apply to consequential damages resulting from a lawful change in the method of the use of the property taken without restriction in the original grant.

Petitioner cites the cases of *State* v. *Patten* (1936), 209 Ind. 482, 199 N. E. 577; *Brown* v. *State* (1937), 211 Ind. 61, 5 N. E. 2d 527, and *Morris* v. *City of Indianapolis* (1912), 177 Ind. 369, 94 N. E. 705, in support of its position, but an examination of those decisions reveals that none of them involved a denial or cutting off of access to the highway affecting the abutting property owners, nor was there a change in the servitude or use of the existing highway.

---

3. Citing §24, Art. 4 of Constitution of Indiana, providing: "Provision may be made, by general law, for bringing suit against the State, as to all liabilities originating after the adoption of this Constitution; but no special act authorizing such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed."

Respondent relies on the Limited Access Statute of 1945, *supra*, and in particular §5 thereof (Burns' §36-3105, 1949 Replacement, being Acts 1945, ch. 245, §5, p. 1113) as applicable, providing:

"For the purposes of this act, *such authorities of the state, counties, cities, or towns, may acquire* private or public *property and property rights for limited access facilities and service roads, including rights of access*, air, view, and light, by gift, devise, purchase or *condemnation in the same manner as is now* or hereafter may be provided by law to acquire such property or property rights for the laying out, widening or improvement of highways and streets within their respective jurisdictions. The rights of all property owners who may claim damages, as provided by the Constitution of the state of Indiana, are preserved herein and may be enforced under the present laws of the state of Indiana." (Emphasis supplied.)

Respondent also contends the Eminent Domain Act of 1905, *supra*, heretofore set out, supplies "the manner provided by law" for the state to acquire by condemnation property or property rights for highway purposes.

It is evident from the Limited Access Statute,[4] *supra*, that it was contemplated the State Highway Commission could thereunder acquire property and ██ property rights for the state, *including rights of access* by condemnation, gift, devise, and purchase, and that the rights of property owners who may claim damages may be enforced under present laws. And, if rights of access are property or property rights which the state may acquire by condemnation as specified in the Limited Access Statute, it is difficult to see how the acquisition of such rights

4. Burns' Ind. Statutes, §§36-3104, 36-3105 *supra*, 1949 Replacement, being Acts 1945, ch. 245, §§4, 5 *supra*, p. 1113.

of access could not constitute a taking of property but only a nebulous or intangible consequential injury giving rise to no claim for damages, as contended by petitioner. In fact, this court in the recent case of *Huff* v. *Indiana State Highway Commission* (1958), 238 Ind. 280, 149 N. E. 2d 299, 303, reiterated the established rule that the owners' right of ingress and egress to a public highway is a property right which may not be taken from him without compensation, citing *Ross* v. *Thompson* (1881), 78 Ind. 90, and *Burton* v. *Sparks* (1941), 109 Ind. App. 531, 36 N. E. 2d 962. And in the Huff Case we turned down a property owner's attempt to review the State Highway Department's denial of his petition for access to a state highway, stating that §11 of the Eminent Domain Act of 1905, *supra*, was available to property owners "if they are entitled to any damages by reason of the fact that [a] State Highway . . . has been made a limited access facility highway."

We do not believe it can be successfully argued either from the standpoint of reason or authority that the statutes of this state do not authorize or give consent to a property owner or the owner of a leasehold's interest in real estate to bring action against the state for damages where the state through its Highway Department has taken away an abutting owner's existing right of access to a highway by making it into a limited access highway.

Certainly the sovereign immunity of the state from suit, sometimes referred to as "The King Can Do No Wrong" concept is not so inherently sacred as to prevail in the face of statutes giving the property owner a remedy when his right of access thereto is taken for a public use.

The untenability of the state's position in this case is made further apparent by its concession that the property owners could have enjoined the State Highway Commission from cutting off the right of access, although the state contends the property owners are yet entitled to no damages when the right of access is removed by the state.

Specifically, petitioner has conceded in its brief under the authority of *Thomas* v. *Lauer* (which was brought by the owner of a leasehold interest) 1949, 227 Ind. 432, 86 N. E. 2d 71, that the property owners in the instant case could have maintained an injunction action against the State Highway Commission, and petitioner says that is a "proceeding plaintiffs should have followed in this case . . . ." Petitioner contends, however, that the Lauer Case supports the state's position as the court there allowed an injunction against the State Highway Commission on the theory the property owner had no legal remedy for damages under Burns' §3-1711, *supra,* as there was no "taking of real estate." However, on p. 439 of 227 Ind., p. 73 of 86 N. E. 2d, the court there stated "the property or right involved" had not been taken but was "merely being threatened to be taken" and further remarked: "The owner of such land or right is not required to stand idly by and watch a state agency take his property and destroy his business before taking any steps to protect himself." The case is not an authority in any respect, that there must be an actual taking *of land* for Burns' §3-1711, *supra,* to be applicable, as contended by petitioner. In fact, the discussion by the court of *"the property or right involved"* and *the taking thereof* dispels any argument that the court was only concerned with whether land itself was taken. (Emphasis supplied.)

Petitioner has for the first time in a reply brief attempted to raise constitutional questions as to whether the subject matter of the Eminent Domain, *supra*, and Limited Access, *supra*, statutes is contained in the titles of the acts. It is well settled in appellate practice that questions not raised or discussed in appellant's original brief cannot be presented in appellant's reply brief.[5] By the same token, questions not presented to this court in a petition for mandate or prohibition nor in the original brief in support thereof, cannot for the first time be raised in a reply brief, and are therefore not before us for consideration.

As no sufficient showing has been made in this original action for mandate and prohibition that respondent court was without jurisdiction of the subject matter, the person, or of the particular cases pending below, but as it appears to the contrary from the allegations of the complaints below that issues were presented to respondent court, which such court had jurisdiction to adjudicate, the alternative writ of mandate and prohibition heretofore issued is now dissolved and the permanent writ denied.[6]

Bobbitt, C. J., and Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 153 N. E. 2d 327.

---

5. West's Ind. Law Encyc., Vol. 2, §395; Works' Ind. Practice, Lowe's Rev., Vol. 4, §70.89, note 3, and cases therein cited.

6. While a discussion here of many of the questions of substantive law governing an abutting owner's right to damages or other relief for loss of access because of a limited access highway or street is not appropriate in this original action to test solely respondent court's jurisdiction below, an annotation collecting decisions from the various states on such matters is set out in 43 A. L. R. 2d 1072.