RASMUSSEN ET UX. *v*. SMITH D/B/A SMITH BROS. CONSTRUCTION COMPANY.

[No. 20,502. Filed June 21, 1966.]

*Richard C. Kaczmarek,* of South Bend, for appellant.

*John O. Humphreys & Lloyd M. Allen* of South Bend, for appellees.

WICKENS, P. J.—Plaintiff-appellants brought this action against defendant-appellee, a contractor, for the purpose of recovering damages for the alleged careless and negligent construction of a driveway as well as for stained stone allegedly caused by appellee negligently permitting dirty acid to fall upon a chimney stone cap and window ledges. At the conclusion of plaintiff-appellants' case in chief, a motion for a judgment in the trial without a jury was sustained in appellee's favor.

A motion to dismiss or affirm has been submitted by appellee on the proposition that appellants, in the preparation of their brief, have failed to substantially comply with Rule 2-17, Rules of the Supreme Court. Although we have some question about the sufficiency of appellants' brief vis-a-vis Rule 2-17, *supra,* we are not convinced that it does not demonstrate a good faith effort in compliance with the aforementioned rule. Therefore, appellee's motion is hereby overruled. Thus we shall endeavor to decide this appeal solely on its merits.

As evidenced by appellants' brief, five preserved errors have been presented, all of which in essence involve the questions of whether the trial court's decision was sustained by sufficient evidence and whether said decision is contrary to law.

This being a negative decision, those errors relating to the sufficiency of the evidence present no question for our consideration. The reason for this rule is that appellants cannot now on appeal question the adequacy or sufficiency of their own evidence since they, at the trial court level, had the burden of proof to produce sufficient evidence for the establishment of their case. This they failed to do.

Well settled is the rule that it is only where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached an opposite conclusion that a decision will be disturbed as being contrary to law. *Stidd* v. *Dietz* (1963), 135 Ind. App. 149, 152, 192 N. E. 2d 651.

From a study and analysis of those errors warranting review in conjunction with the pleadings and appellants' condensed recital of the evidence, we find appellants' brief does not produce a prima facie case authorizing reversal.

With his petition to dismiss or affirm, appellee filed a petition for extension of time in which to file his answer brief. Due to the result we have reached in this opinion, the petition for extension of time in which to file an answer brief becomes unnecessary and is denied.

Therefore, in light of the foregoing reasoning, it is our opinion that a verdict was properly directed in appellee's favor and that the decision of the trial court is not contrary to law.

Judgment affirmed.

Smith, C. J., Bierly, Carson, Faulconer, Hunter, Mote, and Prime, JJ., concur.

NOTE.—Reported in 217 N. E. 2d 595.