STATE OF INDIANA *v.* STEFANIAK.

[No. 1267S143. Filed July 10, 1968.]

*John J. Dillon,* Attorney General, *Murray West,* and *Thomas J. Kern,* Deputies Attorney General, for appellants.

*William J. Reinke, Jack C. Dunfee, Jr.,* and *Thornburg, McGill, Deahl, Harman, Carey & Murray,* of South Bend for appellees.

HUNTER, J.—This action was brought in the St. Joseph Circuit Court by appellees (plaintiffs) against appellants (defendants) to recover damages for an alleged "taking" and deprivation of property rights under the inverse condemnation statute, Ind. Anno. Stat. § 3-1711 (1968 Repl.), and Ind. Anno.

Stat. § 36-3105 (1949 Repl.) of the eminent domain law. The cause was tried by jury and a verdict was returned for appellees, plaintiffs below, in the sum of $4,000.00. Judgment was rendered accordingly and appeal was taken directly to this Court under the provisions of Ind. Anno. Stat. § 4-214 (1968).

The error assigned and relied upon by the appellants is the overruling of their motion for new trial which is as follows:

### "Motion For New Trial

Come now the defendants, State of Indiana and State Highway Commission, by John J. Dillon, Attorney General, and Thomas J. Kern, Deputy Attorney General, and respectfully move the Court for a new trial in this cause for the following reasons:

1. Irregularity in the proceedings of the Court by which defendant was prevented from having a fair trial in this, to-wit:

The Court erred in the original interlocutory proceedings by overruling rhetorical paragraphs 1, 2, 3 and 4 of defendants' objections to Paragraph I of plaintiffs' complaint, which objections were in the nature of a demurrer to plaintiffs' complaint; the Court erred further in overruling rhetorical paragraphs 9 and 10 of defendants' objections to Paragraph I of plaintiffs' complaint.

The Court also erred in not sustaining defendants' Motion to Dismiss Paragraph II of plaintiffs' complaint.

2. Error of law occurring at the trial in that the Court failed to sustain defendants' motion for a directed verdict at the close of plaintiffs' opening statement.

3. Error of law occurring at the trial in that the Court failed to sustain defendants' motion for a directed verdict at the close of plaintiffs' evidence.

4. Error of law occurring at the trial in that the Court failed to sustain defendants' written motion for a directed verdict at the close of all the evidence in the case.

5. The verdict of the jury was not sustained by sufficient evidence and was contrary to law.

6. Error of law occurring at the trial as follows:

(a) The Court erred in giving to the jury over written objection by the defendants, plaintiffs' written preliminary instruction No. 1.

(b)   The Court further erred in giving to the jury over objection by defendants, plaintiffs' written tendered instructions numbered 2, 3, 6 and 10.

WHEREFORE, defendants respectfully move the Court to grant them a new trial in this cause."

Specifications of error one (1) and five (5) raise essentially the same question and were grouped together for argument by appellants. In essence, appellants' position is that appellees were and are merely inconvenienced, and that the damages are therefore too remote and inconsequential for the granting of compensation.

The record of evidence viewed most favorable to the appellee along with all reasonable inferences to be drawn therefrom, reveals the following:

Bronislaw and Dorothy Stefaniak, appellees, owned real estate at 56638 South Sundown Road, South Bend, Indiana (St. Joseph County). They purchased this real estate in 1952 and built a dwelling on it in 1955, a one story ranch type house with attached garage and breezeway which faced in a westerly direction. At that time Sundown Road, which runs north and south, was the only street adjacent to the dwelling and extended to Western Avenue and to Grant Road. Western Avenue and Grant Road run east and west and are parallel to each other. In order to get to Grant or Western, the Stefaniaks could either proceed north or south on Sundown Road.

Then in 1962, the State of Indiana, in constructing Highway 20 Bypass, dead-ended Sundown Road just north of appellees' property and dead-ended Sundown Road south of appellees' property at a point just before its intersection with Grant. To provide the residents of Sundown Road with access to Western and Grant, the State constructed Huron Street immediately to the south of appellees' property, thus placing appellees' dwelling in a cul-de-sac. Another access road, adjacent to the east of appellees' property, was also constructed. Subsequent to the State's highway construction, appellees could go to West-

ern or Grant by going east on the specially constructed Huron Street to other roads which lead to Western or Grant.

Before the highway construction, appellees' lot was an inside lot. A South Bend zoning ordinance requires the dwelling, with regard to inside-lot side yards, to be at least ten (10) feet from the property borderline. As a result of the State's construction of Huron Street, said lot has now become a corner lot. Under the South Bend zoning law, with regard to corner-lot side yards, the dwelling is required to be at least thirty-five (35) feet from the street line. Appellees' dwelling is only ten (10) feet from the Huron Street line and thus violates the zoning ordinance. There are now six zoning restrictions on the uses which appellees may make of their property which did not exist prior to the aforementioned construction. These additional restrictions are not waivable by the Board of Zoning Appeals and do not apply to other property which conforms to the zoning laws.

The bypass constructed by the State is somewhat elevated and a new limited access fence constructed just to the north of appellees' property causes drifts of snow to accumulate three or four feet high, blocking appellees' egress from their driveway. Appellees must maintain their own snow removal equipment to remedy this situation which did not exist before the construction.

The State also constructed a drainage ditch along the western and southern boundary of appellees' lot. On two occasions visitors immobilized their vehicles by driving into this ditch. The post office department ordered the appellees to move the mailbox from Sundown Road to Huron Street. Since the Stefaniak house now faces in an unorthodox direction, there has been a loss of privacy in their back yard.

Although the defense witness Bernard Bickel, building commissioner for St. Joseph County, testified that probably no enforcement action would be taken against the Stefaniaks for the technical violation of the zoning law, there is now a

non-conforming use of the property, and the zoning law places certain restrictions on non-conforming buildings, namely: repairs and alterations, additions and enlargements, relocation of building or structure, restoration of damage, and expansion of use.

Plaintiffs' witness, Hubert Weaver, a real estate appraiser and realtor, testified that in his opinion the value of the Stefaniak property had suffered a $5,000 decrease in fair market value due to (1) restricted ingress and egress, (2) violation of the zoning ordinance and (3) disqualification of the property for mortgage loan financing by reason of the zoning violation and the restricted access. Charles Keller, plaintiffs' witness, who had previously been retained by the State of Indiana to appraise the Stefaniak property, testified that in his opinion there was a loss of $3,500 in the value of the property due to the deadending of Sundown Road, but this appraisal did not consider the zoning violation.

A summary of the record reveals that the State of Indiana condemned land on all sides of the Stefaniak property thus placing the Stefaniak residence in an unorthodox position in relation to the abutting streets; the lot is now located on a cul-de-sac; and the dwelling is in violation of the South Bend zoning ordinances. The State of Indiana argues that, conceding the value of the Stefaniak property was reduced about $5,000, as a matter of law, the above stated "damages" are not compensable under eminent domain law.

Article 1, § 21 of the Constitution of The State of Indiana provides:

> "No man's particluar services shall be demanded, without just compensation. No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

Augmenting this constitutional provision are the two statutory provisions under which appellees sought relief.

". . . In the acquisition of property or property rights for any limited access facility or portion thereof—the state . . . may (make acquisitions of all or part of realty). . . . The rights of all property owners who may claim damages, as provided by the Constitution of the State of Indiana, are preserved herein and may be enforced under the present laws of the state of Indiana." Ind. Anno. Stat. § 36-3105 (1949 Repl.).

"Any person having an interest in any land which has heretofore been or may hereafter be taken for any public use without having first been appropriated under this or any prior law may proceed to have his damages assessed under this act, substantially in the manner herein provided." Ind. Anno. Stat. § 3-1711 (1968 Repl.).

A taking in eminent domain, by the modern and prevailing view, includes substantial interference with private property which destroys or impairs one's free use and enjoyment of the property, *Brown* v. *State* (1937), 211 Ind. 61, 5 N. E. 2d 527, or one's rights and interests in the property, *State* v. *Jordan* (1966), 247 Ind. 361, 215 N. E. 2d 32. From the allegations of the complaint and the evidence presented, it certainly appears that the Stefaniaks' free use and enjoyment of their property has been impaired and damaged by the aforementioned construction.

The question then presented is whether such damages are merely inconsequential or incidental injuries for which appellees must suffer without compensation. As heretofore stated it is the appellants' position that, as a matter of law, appellees suffered inconveniences which are not compensable.

This Court has held that on appeal:

"Appellees are entitled to all reasonable inferences from the evidence in the record most favorable to them and, unless such evidence and inferences reasonably lead exclusively to the conclusion contended for by appellant and no other, the trial court should be affirmed in upholding the jury verdict. *State Farm Life Ins. Co.* v. *Spidel* (1964), 246 Ind. 458, 202 N. E. 2d 886, 889.

We cannot say that as a matter of law, considering the evidence in this case, that appellees' damages were merely incidental and constituted only inconveniences. Certainly the damage suffered was peculiar to the Stefaniak property and not such as was suffered in common with the general public.

We are actually concerned with how much leeway the State is given in building highways. It is true that a change in the grade of a highway *alone* is not compensable, *State* v. *Patten* (1936), 209 Ind. 482, 199 N. E. 577, and that there is no right of egress and ingress for the full length of the abutment of the real estate upon a highway, *State* v. *Ensley* (1960), 240 Ind. 472, 164 N. E. 2d 342. However, when presented with the fact that appellees' dwelling is now in violation of the zoning ordinance, located on a cul-de-sac and has suffered a substantial loss in value because of the construction, it is our opinion that the question of a compensable taking is a matter for the jury's determination. Each case of this nature must be grounded upon its own particular set of facts.

The appellants further complain of the use of the word "residue" in Plaintiff's Instruction No. 2 given to the jury, which is as follows:

> "The term 'damages to the residue' means that damages to the land remaining after the taking of the part sought by the Defendants. These damages are measured by the difference between the fair market value of the land prior to the taking and the fair market value of the remaining land as affected by the taking. In determining damages to the residue of the land of Plaintiffs, you may consider the annoyance and inconvenience, if any, occasioned by the construction of the highway in the manner proposed by Defendant."

We agree with appellees that it is hardly fit and proper for appellants to assert error in this regard since Defendant's Instruction No. 3 to the appraisers, given over appellee's objection, uses the term "residue". Defendant's Instruction No. 3 to the appraisers is as follows:

"By the term benefits, as used in this proceeding, is meant anything which will enhance or increase the fair market value of the residue of plaintiffs' property and which will naturally and proximately result from the appropriation of the property by the state of Indiana and the construction of the highway improvement in the manner proposed by the State through the Indiana State Highway Commission."

It has long been settled that this Court will not consider allegations of error in given instructions when a party complains as to use of wording which they themselves initiated in the trial. If it is invited error for a party to request an instruction, although later refused by the court, covering the same subject matter as an instruction tendered by the other party which was given by the court, *Barnett* v. *Bailey's Beautician Supply Co.* (1966), 140 Ind. 630, 220 N. E. 2d 348, it is likewise invited error if the instruction of the complaining party is the corollary of the instruction of the other party.

Appellants further complain of the words "annoyance and inconvenience" contained in Plaintiff's Instruction No. 2. We agree with appellant that a landowner is not entitled to damages for inconvenience suffered, such as that suffered by the community or public generally, where streets are being repaired, or highways constructed or widened. *Papp* v. *Hammond* (1967), 248 Ind. 637, 230 N. E. 2d 326, 334. However, where annoyance and inconvenience are causative factors in the depreciation in the value of the land, then annoyance and inconvenience are conditions which affect the value of the land and may be considered by the jury in determining the damages to the bundle of rights remaining after the taking. 2 Nichols, *Eminent Domain* (3rd ed) § 6.-4432(2) ; cf. *Cleveland, C. C. & St. L. Ry.* v. *Smith* (1923), 192 Ind. 674, 138 N. E. 347. In the instant case there was a taking, not of the real estate itself, but rather of some of the rights and interests in the real estate which were held by the appellees prior to the highway construction. The enjoyment

of the rights and the use of the benefits of the property have been impaired, and the market value of the property has been diminished. For this reason it is our opinion there was no error in the trial court's giving of Plaintiff's Instruction No. 2 to the jury.

For all the foregoing reasons we find appellants' asserted and argued errors are without merit. Since the appellants have not demonstrated any reversible error, the verdict of the jury and the judgment of the trial court should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn and Jackson, JJ. concur.

Mote, J. not participating.

NOTE.—Reported in 238 N. E. 2d 451.