### GUY *v.* UNIVERSAL ATLAS CEMENT CO., DIV. OF U.S. STEEL CORP.

[No. 268A17. Filed September 30, 1968. No Petition for Rehearing filed.]

*Steckbeck, Murphy & Moore, David A. Steckbeck, William C. Moore,* of Indianapolis, for appellant.

*Douglas F. Stevenson, George W. Gessler,* of Chicago, Illinois, and *Rooks, Pitts, Fullagar and Poust,* of counsel, of Chicago, Illinois, for appellee.

PFAFF, J.—This is an appeal from an award of the Full Industrial Board of Indiana denying compensation to appellant, Lewis Edward Guy.

On March 16, 1964, appellant, Lewis Edward Guy, filed his claim for benefits under the Indiana Workmen's Occupational Diseases Act on Industrial Form No. 115, wherein he recited that on May 16, 1962, he was rendered permanently and totally disabled by an occupational disease arising out of and in the course of his employment by appellee, Universal Atlas Cement Company. Hearing was held before a single member of the Industrial Board who found that the appellant had been rendered totally disabled as a result of an occupational disease, said disease being in the nature of a respiratory condition known as chronic bronchities, pulmonary fibrosis, brought about by bronchiectasis which disease arose out of and in the course of his employment by appellee. The hearing member awarded appellant benefits under the pro-

visions of the Indiana Workmen's Occupational Diseases Act for permanent total disability and statutory medical attention and supplies. Appellee appealed the single member's award to the Full Industrial Board, and the Full Board reversed the award of the single member. It is from the award of the Full Board that this appeal is taken, the appellant assigning as error that the award of the Full Board is contrary to law.

More specifically, appellant contends the Full Board's consideration of appellee's exhibits G and H, which were appellant's hospital records at the Methodist Hospital of Gary, violated the hearsay rule. Said exhibits were admitted before the single hearing member over the objection of appellant's counsel.

In the leading case of *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, the court stated at page 118 as follows:

"In ascertaining whether the finding of the administrative agency meets the requirement of due process, the court will look to the substance rather than the form. The mode by which the facts were found will be regarded as a means rather than an end, and the finding will not be set aside because the agency did not conform to the court-made formulas of proof. If, however, it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the quantum of legitimate evidence was so proportionately meagre as to lead to the conviction that the finding does not rest upon a rational basis; or that the result of the hearing must have been substantially influenced by improper considerations, the order will be set aside, not because incompetent evidence was admitted, but rather because the proof, taken as a whole, does not support the conclusion reached."

The court also stated in the *Warren* case, at page 117:

"If courts should undertake to apply their rules of evidence in the review of administrative orders, the force of the statutes relieving such agencies from the obliga-

tion to observe such rules would be nullified. We can therefore subscribe to the abstract proposition that the admission of evidence which would be incompetent in a court proceeding will not alone justify a reviewing tribunal in holding an order of an administrative agency invalid."

Therefore, we must hold that the appellant may not claim error in the admission of appellee's exhibits G and H on grounds that said exhibits are hearsay.

The sole issue remaining for determination by this court is whether there is such a showing that the award is not supported by evidence of probative value as will compel us to hold as a matter of law that the finding of the Full Board does not rest upon a foundation of fact.

The Full Board found that the appellant's disability was not directly or indirectly due to an occupational disease arising out of and in the course of his employment with the appellee.

There was evidence that the appellant's condition had no relation to exposure to cement dust and that there has never been any report of any kind that calcium silicate is an irritant to the bronchial tubes.

It is the opinion of this court that the quantum of legitimate evidence was sufficient to support the finding of the Full Industrial Board.

Appellant has for the first time in his reply brief attempted to raise other assignments of error.

"It is well settled in appellate practice that questions not raised or discussed in appellant's original brief cannot be presented in appellant's reply brief." *State etc. v. Marion Cir. Ct. et. al.* (1958), 238 Ind. 637, 645, 153 N. E. 2d 327; 2 I. L. E., *Appeals,* § 395, p. 279; Lowe's Rev. Works' Ind. Pract., Vol. 4, § 70.89, p. 692, and cases therein cited.

Finding no reversible error, the award of the Full Industrial Board of Indiana is hereby affirmed.

Cook, P.J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 497.