SCHUH *v.* STATE OF INDIANA.

[No. 1167S133. Filed November 8, 1968.]

*Andrew Jacobs, Sr.,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant brought this inverse condemnation action to recover damages from the State of Indiana for an alleged taking of his property for highway purposes without

compensation. Ind. Anno. Stat. § 3-1711 (1968 Repl.) authorizes any person having an interest in land which ■ has been taken for any public use without having first been appropriated according to the eminent domain statutes to bring an action to have damages assessed as provided by those statutes.

Appellant's complaint alleges the following occurrences: The State of Indiana, in order to widen a highway, needed to appropriate a strip of land five feet in depth on the southernmost edge of appellant's property. The widening of the highway, as proposed by the state, would cause one of appellant's buildings to be situated closer to the highway than ordinarily permitted by local zoning ordinances. Appraisers for the state assured appellant that the building would not have to be razed, and in reliance on these assurances, appellant conveyed the right-of-way to the state for $16,598. Subsequently, the authorities responsible for the enforcement of the Marion County Zoning Ordinances required appellant to tear down this building which he did at his own expense. Appellant contends that the grant of the right-of-way, due to a mutual mistake between the parties, did not include the damages resulting from the razing of the building, and he prays that the court cause damages to be assessed according to the laws of Indiana.

Appellee filed objections to the appointment of appraisers denying that the potential zoing violation had been discussed or that a mutual mistake had been made in arriving at the consideration for the original conveyance and further denying that appellant had been required to raze the building in question. In the objections appellee also contended that the effect of the zoning ordinances and the consequential razing of the building did not constitute a taking of a property right for which compensable damages can be awarded.

After a hearing on the issues thus presented, the court found for appellee on its objections and against appellant on his complaint and entered judgment and costs against appellant. Appellant filed a motion for a new trial on two grounds:

"(1) That the decision of the court is not sustained by sufficient evidence.

(2) That the decision of the court is contrary to law."

For a reason not presented by the record, the court made no response to this motion for over two and one-half years. Finally, the motion for a new trial was overruled; this is the only error assigned by appellant.

At the hearing to support the allegations in his complaint, appellant and his nephew, sister-in-law, daughter, and son-in-law (all adjacent neighbors) testified that the negotiations leading to the original conveyance of the right-of-way did include discussions as to whether the zoning laws would require the building to be razed. Appellant testified that two appraisers, who were stipulated to be employees of the state, advised him that the building would not have to be razed. Appellant introduced the Marion County Zoning Ordinances into evidence; these ordinances would make the building's proximity to the road a violation absent a zoning variance. Appellant testified that he applied for a building permit to construct a new residence and that the permit was denied by the building commissioner until appellant agreed to tear down or move the building here in question. Appellant introduced into evidence the application for a building permit, the written agreement to tear down or move the building, and the resulting permit issued by the building commissioner. Appellant further testified that, in accordance with the agreement he was required to execute, he did raze the building at his own expense. *The State presented no evidence at this hearing.*

Appellee asserts that appellant cannot question a negative verdict on the ground of insufficient evidence since it was the appellant in the trial court that had the burden to establish each material allegation by sufficient evidence. cf., *Kilmer* v. *Galbreth* (1966), 139 Ind. App. 252, 218 N. E. 2d 361. We agree that it would be inappropriate to allow a plaintiff to question the sufficiency of the evidence in

support of a defendant's verdict, but it is proper to question whether such a verdict is contrary to law. Where, as in the case at bar, the appellant has included in his grounds for a new trial that the verdict is contrary to law, the court "must consider whether or not the evidence including all reasonable inferences to be deducted therefrom would lead to a conclusion contrary to that of the trial court." *Calvert* v. *London* (1965), 137 Ind. App. 595, 210 N. E. 2d 376, 377. See also, *Mackey* v. *Andrews* (1961), 131 Ind. App. 576, 171 N. E. 2d 707, 709.

Accordingly, we find that, by a clear preponderance of the evidence, appellant has demonstrated that the state road construction did, in fact, place appellant's building in violation of the zoning ordinances and that, at the time of the original conveyance, both parties were under the impression that the building would not have to be razed. As to these findings, "the evidence is without conflict and leads but to one reasonable conclusion"; if the trial court based its verdict for appellee on "an opposite conclusion," the judgment must be reversed as being contrary to law. *Rasmussen* v. *Smith* (1966), 139 Ind. App. 160, 217 N. E. 2d 595, 596.

This court has held that a

> "taking in eminent domain, by the modern and prevailing view, includes the substantial interference with private property which destroys or impairs one's free use and enjoyment of the property, *Brown* v. *State* (1937) 211 Ind. 61, 5 N. E. 2d 527, or one's rights and interests in the property, *State* v. *Jordan* (1966), 247 Ind. 361, 215 N. E. 2d 32." *State* v. *Stefaniak* (1968), 250 Ind. 631, 238 N. E. 2d 451, 454.

In the *Stefaniak* case, the plaintiff brought an inverse condemnation action seeking damages for a decrease in the fair market value of his premises due, in part, to a violation of a zoning ordinance, which violation was brought about by state road construction in much the same manner as the case at bar. This court affirmed the judgment of the trial court awarding damages to the plaintiff, and, in so

doing, held that damages resulting from a zoning violation caused by an eminent domain appropriation were compensable. Applying the rule in *Stefaniak* to the case at bar, we hold that the placing of appellant's building in violation of the zoning ordinances was a "taking" and should have been considered as a compensable injury to appellant's premises.

It is apparent that the compensable damages resulting from the zoning violation would have been greater where appellant was required to tear down the building than they would have been where he was allowed to let the building stand. If, when they agreed to the original conveyance, both parties were incorrect in their belief that the building would not have to be razed, the conveyance was executed under a mutual mistake and would not constitute a bar to this action.

". . . (W)here parties on entering into a transaction that affects their contractual relations are both under a mistake regarding a fact assumed by them as the basis on which they entered into the transaction, it is viodable by either party if enforcement of it would be materially more onerous to him than it would have been had the fact been as the parties believed it to be . . ." Restatement: *Contracts* § 502.

Appellee points out that appellant was not directly required to raze the building by the building commissioner but rather was not allowed to construct a new residence until he agreed to tear down or move the building. Appellee contends that appellant breached a duty by failing to seek a zoning variance or by finding some other way to mitigate his damages. There are two stages to an inverse condemnation proceeding: firstly, plaintiff must shown that he has an interest in land which has been taken for a public use without having been appropriated under eminent domain laws; secondly, appraisers are appointed by the court, and damages are determined. See *Evansville-Vanderburgh Levee Authority Dist.* v. *Towne Motel, Inc.* (1966), 247 Ind. 161, 213 N. E. 2d 705. In the case at bar, the trial court had not yet appointed appraisers and, thus, never reached the question of damages.

Appellee's arguments that the damages could have been mitigated by appellant, while they may be shown to reduce appellant's damages once appraisers have been appointed, do not disprove and element required to invoke the statutory obligation of the trial court to appoint appraisers to assess the damages. The trial court could not have based its judgment on these objections, and they are not in issue in this appeal.

Having found that the requisite "taking" was established as a matter of law, and having determined that the original conveyance does not constitute a bar to this action, this court must reverse the judgment of the trial court and remand this case with instructions to set aside the overruling of the motion for a new trial and appoint appraisers.

Judgment reversed.

Lewis, C. J., Arterburn, DeBruler and Jackson, JJ. concur.

NOTE.—Reported in 241 N. E. 2d 362.