### STATE OF INDIANA *v.* LOVETT.

[No. 268S28. Filed April 17, 1970. No petition for rehearing filed.]

28

*John J. Dillon,* Former Attorney General, *Rex P. Killian,* Former Deputy Attorney General, *William L. Fortin,* Former Deputy Attorney General and *Theodore L. Sendak,* Attorney General, for appellant.

*Judith H. Dwyer, Hayes & Dwyer,* of Washington, for appellees.

JACKSON, J.—This is an action brought by appellees against appellant to recover damages for an alleged "taking" under the inverse condemnation statute, i.e., Burns' Ind. Stat. Ann. § 3-1711 (the same being Acts 1905, ch. 58, § 11) of the eminent domain law.

The issues were formed when appellant filed objections to plaintiffs' complaint on inverse condemnation and appointment of appraisers (and thereafter appellees presented their evidence at the trial). The main issue was whether there was a "taking" under the eminent domain law in excess of that which was compensated for by a duly executed right of way agreement.

Appellees' complaint herein was filed March 31, 1964, and was in two paragraphs, paragraph one was a complaint for inverse condemnation; paragraph two was for damages, alleging fraud. June 15, 1964, defendant-appellant filed objections to paragraph one of such complaint and motion to dismiss demurrers to plaintiffs' complaint and plaintiffs were ruled to plead over.

November 2, 1965, plaintiffs filed their amended complaint for inverse condemnation herein. Such complaint, omitting heading, formal parts, signatures and exhibits, reads as follows:

"Plaintiffs, M. Z. Lovett, Nina Lovett, Robert A. Fields and Esther A. Fields, complain of the defendant, State of Indiana, and allege and say:

1. Plaintiffs, M. Z. Lovett and Nina Lovett, are the owners of the following described real estate situate in the town of Plainville, county of Daviess and state of Indiana, to-wit:

Beginning 74 feet east of 100 feet south of the Southeast corner of Hanley Street and State Highway No. 57 in the town of Plainville (as defined in the deed dated August 15, 1956 from Edgar Clay Hedden and Eva L. Hedden, husband and wife, to M. Z. Lovett and recorded in Deed Record 68 page 524) and running thence South 110 feet to the center of a creek known as Hannah's Branch; thence southwest with the center of said creek 157 feet; thence northeast with the east right of way line 194 feet to a point 94 feet west of the place of beginning; thence east 94 feet to the place of beginning.

2. That said plaintiffs, M. Z. Lovett and Nina Lovett, did on the 13th day of April, 1962, sell under contract said real estate to the plaintiffs, Robert A. Fields and Esther A.

Fields, a copy of which contract is attached hereto, marked Exhibit 'A', and made a part hereof.

3. That the defendant, State of Indiana, is the owner and holder of a right of way grant and/or easement along and over the west side of plaintiff's aforedescribed real estate, the east part thereof being acquired from plaintiffs under date of October 27, 1961, a copy of which is attached hereto, marked Exhibit 'B' and made a part hereof.

4. That the defendant, through its agents and employees on or about the 1st day of May, 1962, and at divers times thereafter, improved, reconstructed and raised the public highway located on the aforesaid right of way easement. That the change of grade was not considered or contemplated at the time the right of way easement or grant referred to in above rhetorical paragraph was executed, and as the result thereof, substantially and materially impaired and interfered with plaintiffs' right of access to their property.

5. That defendant, through its agents and employees, did not keep within the grant set out in rhetorical paragraph three (3) herein, and took property beyond the limits of said grant without payment for damages resulting to the residue of the land and damages to plaintiffs from said improving, reconstructing and raising said roadway, as provided by the third and fourth measure of damages as set out in Acts of 1905, ch. 48, section 6, p. 59, 1935 ch. 76, par. 3, p. 228, although compensation has been duly demanded.

6. That the said real estate is occupied and used for a drive-in restaurant and confectionary business and as the result of defendant's construction, the west edge of the defendant's roadway has extended east and raised approximately three to four feet making plaintiff's drive inaccessible to many trucking units and difficult to reach for all automotive equipment. Defendant's construction has further caused, with each rain, large quantities of water to flow over the drives and into and against the business structure located on said real estate. That plaintiff's business structure now sets below the east bern of the highway and view of the premises is obstructed.

WHEREFORE, Plaintiffs ask the court that a writ of assessment of damages may issue herein and that they may have their said damages assessed and awarded, and for all other proper relief."

Exhibit A is a copy of the contract for sale of real estate and personal property executed by the parties plaintiff whereby sellers, Lovett, contract to sell such property to purchasers, Fields.

Exhibit B is the right of way grant executed by the Lovetts to the State of Indiana, in usual form, calling for so many feet each side of a center line described as running from certain named stations to other certain named stations. The consideration therefor being expressed as a total sum of $9,771.00.

The appellant, on November 10, 1965, filed objections to the appellees' complaint and to the appointment of appraisers. Such objections, omitting heading, formal parts and signature, read in pertinent part as follows:

"1. That the plaintiffs are not the owner of real property, an interest in real property, or a property right taken by defendant without compensation.

2. That the plaintiffs have not described in their complaint, the taking, by defendant, of real property, an interest in real property, or a property right which can result in compensable damages under the provisions of the Acts of 1905, Ch. 48, Sec. 11, as found in Burns' (1946 Repl.), Section 3-1711.

3. That the plaintiffs' alleged loss and impairment of access in, over and upon Project F-262 (12), Parcel 5, as shown in plaintiffs' Exhibit 'B', in Daviess County, State of Indiana, is not such that legally entitles plaintiffs to any compensation therefor.

4. That the plaintiffs' alleged loss and impairment of access in, over and upon said Project F-262 (12), Parcel 5, County of Daviess, State of Indiana, is not suffered by the plaintiffs alone and as individuals; that plaintiffs' alleged loss and impairment of access is suffered by the public generally and is, therefore, not legally compensable.

5. That plaintiffs have not suffered any special damages not suffered by the general public due to the creation of a limited access facility.

6. That defendant, State of Indiana, admits the allegations contained in paragraph one and two of plaintiffs' complaint.

7. That defendant, State of Indiana, denies the allegation, contained in paragraphs three, four and five of plaintiffs' complaint.

8. That the defendant, State of Indiana, further objects to this proceeding and alleges and says, that plaintiffs, for a valid consideration, did execute to the Indiana State Highway Commission of the State of Indiana a right of way grant covering the real estate described in plaintiffs' complaint, and the Indiana State Highway Commission, in consideration thereof, agreed to and did pay plaintiffs as total damages herein the sum of Nine Thousand Seven Hundred and Seventy One Dollars ($9,771.00), all as shown by plaintiffs' Exhibit 'B' which is attached to plaintiffs' complaint.

WHEREFORE, defendant requests the Court to deny the prayer of the plaintiffs' complaint; that the Court appoint no appraisers herein; that the Court set a date for the hearing of the objections and for all other just and proper relief in the premises."

The cause, being at issue, was submitted to the Daviess Circuit Court (prior to being venued to the Martin Circuit Court) and the court overruled appellant's objection and made a ruling that there had been a "taking" without compensation and appointed three appraisers to assess the damages. The appraisers' report indicated that the appellees had been damaged in the sum of Two Thousand Seven Hundred Dollars ($2,700.00) because of impairment and reduction of means of ingress and egress and had further been damaged in the amount of Three Hundred Dollars ($300.00) as a result of impairment of drainage to their property. Both appellees and appellant filed exceptions to the appraisers' award and appellant demanded a jury trial.

The cause was then venued to the Martin Circuit Court where it was tried before a jury which returned a verdict for appellees in the sum of Four Thousand Dollars ($4,000.00) together with interest at the rate of six per cent (6%) or a total of One Thousand Thirteen Dollars ($1,013.00). Judgment was rendered on the verdict as follows:

"It is therefore considered and adjudged by the court that the plffs. recover of and from the deft. the sum of

$4000.00 together with interest at the rate of 4$ (sic) per annum from Sept. 1, 1962 to this date to-wit: $733.33 together with costs in this cause laid out and expended.

*   *   *   *   *

On motion of the plff, the judgment heretofore entered is amended to show the correct computation of interest to-wit: 6% from Sept. 1/62 to Sept. 1/65, and 4% thereafter, for a total of $1013.00."

The appellant's motion for a new trial was filed on July 20, 1967, and alleged, essentially, that: (1) the Daviess Circuit Court erred in ruling that there had been a taking of the appellees' real estate; (2) the verdict of the jury was not sustained by sufficient evidence, was contrary to law, and was contradicted by the jury's answers to the interrogatories presented to it by the appellant; (3) the trial court erred in giving the appellees' tendered instructions number 2, 4 and 6, and in refusing to give the appellant's tendered instructions number 4, 5 and 6.

The appellant's sole assignment of error is that the trial court erred in overruling its motion for a new trial.

Inasmuch as the appellant did not choose to argue, on appeal, the issue concerning the alleged erroneous instructions, this issue is thereby deemed to have been waived. Supreme Court Rule 2-17.

Moreover, the appellant contends, both on appeal and in his motion for a new trial, that the Daviess Circuit Court erred in the original interlocutory proceedings in ruling that there was a taking of the appellees' property by the appellant without compensation to the appellees. The appellant, however, has failed to present to this court, either in the transcript or in its briefs, the evidence upon which the Daviess Circuit Court based its ruling. Therefore, the issue concerning the correctness of the interlocutory ruling by the Daviess Circuit Court is not before this Court. Supreme Court Rule 2-3; Rule 2-17, *supra.*

This leaves us with the contentions that the verdict of the jury was not sustained by sufficient evidence, was contrary to law, and was contradicted by the jury's answers to the appellant's interrogatories.

From the evidence adduced at trial it appears that prior to April 13, 1962, M. Z. Lovett and Nina Lovett, husband and wife, were the owners of a piece of property on which was located The Hut, a drive-in restaurant. They were also the owners of an adjoining piece of property on which was located a filling station. On April 13, 1962, M. Z. Lovett and Nina Lovett sold, on contract, the property known as The Hut to Robert A. and Esther Fields, husband and wife.

More than a year prior to the sale, M. Z. Lovett had been contacted by officials of the State Highway Commission concerning the sale of a right of way grant in front of the filling station and restaurant properties. The grant was to include a strip of land five feet wide and extending the length of the two properties. The purpose of the grant was allegedly to enable the highway department to improve a section of State Road 57 which passes immediately in front of the filling station and restaurant. On October 21, 1961, Mr. and Mrs. Lovett sold the right of way to the State for $9,771.00.

According to the testimony of Mr. Lovett, representatives of the highway department told him that the State intended to widen the highway, resurface it, remove a curve, and otherwise improve it. Further, Mr. Lovett stated that the representatives told him that the highway would only be raised approximately four inches, and that they also showed him the project plans for the highway. Mr. Lovett then testified that when the work was completed the highway appeared to have been raised approximately three to four feet, and that since the construction The Hut property had been plagued with water flowing onto it from the highway during heavy rains. He stated that prior to the construction The Hut property

was level with the highway, and that there were no problems with water drainage.

Appellee Robert Fields testified at trial that he and his wife purchased The Hut property on contract from the Lovetts sometime before the highway construction began. Mr. Fields testified that at the time the contract was entered into the property was approximately level with the highway, but that after completion of the construction the highway was approximately three feet higher than the drive-in. He further stated that he complained to highway representatives about a hump in the driveway leading from the highway into the drive-in parking lot. Both Mr. Fields and Mr. Lovett testified that several vehicles became stuck on this hump while pulling into the drive-in from the highway. Also, Mr. Fields stated that since the highway construction he experienced water problems on The Hut property during heavy rainstorms.

Russell C. Williams, a licensed professional engineer and land surveyor, testified for the appellees that there is a drop of approximately two feet from the gutter line of the highway to the parking lot of the drive-in, and that both the highway and apron are higher than the land on which the drive-in is located. He further stated that there had been a deliberate elevation of the highway in front of The Hut. Mr. Williams testified that the only remedy for the owners of The Hut would be for them to move the building farther into the property in order to compensate for the steep decline of the driveways. However, he stated that this would entail raising the present building.

Mr. Kent Humbarger, an employee of the Highway Department and a registered civil engineer, appeared as a witness for the appellant. He testified that after the improvements the centerline of the highway had been raised approximately four inches. He attributed this to the thickness of the resurfacing material. Mr. Humbarger stated that the reason the edge of

the improved highway was higher in relation to the drive-in property than it was prior to the construction is that the highway was widened and banked at that point to make it safer for cars to negotiate the curve in front of The Hut. Finally, Mr. Humbarger testified that due to the slope of the highway after the construction rainwater drains to the side of the highway opposite the drive-in.

Mr. Herbert Murdock, the project supervisor for the highway construction at issue, testified on behalf of the appellant. He stated that rainwater did not flow from the highway onto the drive-in, but instead came from the newly black topped filling station owned by the Lovetts. Mr. Murdock also testified that Robert Fields denied the appellant permission to extend the access ramp farther back than the project plans provided, and that such an extension would have resulted in a less severe incline.

In rebuttal, appellee Fields testified that he told Mr. Murdock and Mr. Humbarger that the driveway cut should not have been made as far into The Hut property as it was, and that if the driveway had been made closer to the highway there would be no need for an easement to extend the ramps. He then said that he could not have granted an easement in any event since appellee Lovett, under the contract of sale, remained the owner of the property.

Appellant contends that the verdict of the jury was not sustained by sufficient evidence. In deciding questions of this nature this Court, as a court of appeals, will not weigh the evidence nor determine the credibility of the witnesses where, as here, the evidence is in conflict. *Spitler* v. *Schell, Admr.* (1965), 246 Ind. 409, 205 N. E. 2d 155; *J. I. Case Co.* v. *Sandefur* (1964), 245 Ind. 213, 197 N. E. 2d 519; *Fair Share Organization* v. *Mitnick* (1964), 245 Ind. 324, 198 N. E. 2d 765. Moreover, we will consider only that evidence which tends to support the findings of the trial court together with all reasonable and logical inferences which may

be drawn therefrom. *Southport Bd. of Zoning App.* v. *Southside etc.* (1961), 242 Ind. 133, 176 N. E. 2d 112; *Watson* v. *Watson* (1952), 231 Ind. 385, 108 N. E. 2d 893.

In the case at bar, the appellant contends that inasmuch as the appellees granted a right of way by deed in return for an agreed upon consideration the appellees have waived any action for damages resulting from use of the right of way. In *State v. Patten* (1936), 209 Ind. 482, 495, 199 N. E. 577, this Court said:

> "As the right of way was granted by deed, without limitation, the appellees waived any action for damages on account of the change of grade except such as might result from an improper or negligent construction of the improvement." (Emphasis added.) 209 Ind. 495.

Thus a landowner who conveys a right of way grant to the State is not precluded from recovering damages from the State in addition to those included in the payment for the right of way if the landowner can prove that the additional damages were occasioned by either "improper or negligent construction." 209 Ind. 495. Whether or not the plaintiff-landowner successfully proves that he is entitled to additional damages is a question for the trier of fact.

In the case at bar there was conflicting evidence as to whether the highway improvements were improperly or negligently made. Although the appellant's evidence at trial supported the conclusion that the improvements were made in accordance with the project plans which were allegedly shown and explained to appellee M. Z. Lovett, the evidence presented by the appellees tended to prove that the construction was not in accordance with the plans for the project. On the basis of the evidence the jury found for the appellees. In viewing the evidence most favorable to the appellees we cannot say, as a matter of law, that the verdict of the jury was not sustained by sufficient evidence.

Appellant next contends that the verdict of the jury is con-

trary to law. In *Edwards* v. *Wyllie et al.* (1964), 246 Ind. 261, 266, 203 N. E. 2d 200, we stated:

> "It has been held many times that only where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached a contrary conclusion the decision will be disturbed as being contrary to law." 246 Ind. 266.

In the case at bar the evidence is in conflict, and more than one reasonable conclusion may be drawn from it. We therefore cannot say that the jury's verdict is contrary to law.

Finally, the appellant contends that the jury's verdict was contrary to its answers to the appellant's interrogatories. In answer to the appellant's interrogatories the jury stated that no additional property had been taken by the appellant from the appellees, but that the original taking had resulted in damage to the residue of the real estate. The appellant argues at page 63 of its brief that its contention that the State took no land in addition to that included in the right of way agreement is supported by the jury's answer that no additional land was taken.

However, in the case at bar the appellee alleged at trial, and offered evidence in support of their allegations, that the highway construction interfered with their right of ingress and egress. It has long been recognized that the right of ingress and egress is a property right which cannot be taken without compensation. *State etc.* v. *Marion Cir. Ct. et al.* (1958), 238 Ind. 637, 153 N. E. 2d 327. Thus, for there to be a compensable taking it is not necessary that land, itself, be taken. Therefore, the jury's answers to the interrogatories are not necessarily contradictory.

The judgment of the trial court is affirmed.

Hunter, C.J., DeBruler and Givan, JJ., concur; Arterburn, J., dissents.

NOTE.—Reported in 257 N. E. 2d 298.