JOHN J. WELDON, ET AL. *v.* STATE OF INDIANA.

[No. 770S144. Filed March 7, 1972. Rehearing denied April 24, 1972.]

John M. Kitchen, Rauch, Chase & Kitchen, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, William F. Thompson, Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This is a condemnation proceeding in which the State sought to take for highway purposes a portion of parcel Number 1 (1.533 acres), owned by John J. Weldon and his wife Jean, and Mrs. Jeannette Fishbein Rauh. After the report of the appraisers, exceptions were filed by both the state and the defendant-owners at the time. The appellants herein, Stephen A. Radford and his wife Elsie, seek to intervene as part owners of parcels number 2 and 3. The other part owners of parcels 2 and 3 were the Weldons and Mrs. Rauh. As previously stated, parcel number 1 was owned solely by the Weldons and Mrs. Rauh. The Radfords, appellants herein, sought to intervene and participate in the award of damages on the ground that they were part of a

"joint venture" with the defendants Weldons and Rauh, under which parcel number 1 (part of which was taken by the State) was to be used for draining of parcels number 2 and 3 in a development project of all three parcels. It appears that at the most this was an oral or parol agreement between the parties. The Radfords claim that they have a right to intervene by reason of the joint venture agreement and the loss of profits therein.

The trial court, following a hearing on the motion raising the right to intervene, denied the Radfords this privilege. Within sixty (60) days from the judgment denying intervention, the Radfords filed a Motion to Correct Errors. From the overruling of the Motion to Correct Errors they take this appeal.

The State first contends that this is an interlocutory appeal and that it was not perfected within the thirty (30) day period limited for such an appeal. They further contend that the Radfords have no right to intervene because they show no interest compensable in damages for any real estate taken. Appeals from interlocutory orders are enumerated and strictly limited, and may not be taken in every case. See *Burns Ind. Stat. Ann.* § 2-3218. The State has failed to convince us that there is any provision in the law authorizing an interlocutory appeal from a denial of a petition to intervene.

The next question raised is: Is this an appeal from a final judgment? If it is such, the appeal was in time and the appellants are properly here. Wiltrout, in his book *Indiana Practice,* Vol. 3, § 2153, states:

> "An order denying a petition to intervene is a final judgment from which an appeal will lie. The sustaining of a motion to strike out a petition to intervene is a final judgment. But an appeal does not lie from an order permitting persons to become parties to the action."

This authority is amply supported by cases in point in this state. It is well settled in Indiana that persons denied the

right to intervene are entitled to appeal therefrom as a final judgment. Wiltrout states that one may appeal from a final judgment if as to such party his interest has been definitely determined and the litigation is ended as to such party. See Wiltrout, *Indiana Practice,* Vol. 3, § 2152.

The appellants' right to intervention has been finally determined by the trial court. However, if the appellant had been *granted* the right to intervene, as pointed out by the authorities, the controversy would *not have been ended and no appeal* would lie at that point. We find that appellants are properly before this court, in this appeal.

The final question arising is: Do the appellants (Radfords) have the right to intervene? This is predicated upon a showing of damages and injury arising from the taking of the land for highway purposes. The appellants therefore must show an interest recognizable by law in the real estate taken, i.e. parcel number 1, owned by the Weldons and Mrs. Rauh, in which the appellants actually have no legal title. The Radfords make their claim by reason of a "joint venture," orally made with no written instrument evidencing or sustaining such an agreement. We have grave doubts that if a written instrument existed evidencing such an agreement for profit, it would sustain an interest in real estate owned by another member of the joint venture. Joint ventures are normally for the purpose of mutual sharing in the profits and losses of a particular transaction and differ from a partnership mainly because the latter is more of a permanent business nature and involves more transactions. See 17 I. L. E., *Joint Ventures,* § 2, p. 52. The mere interest in profit is not sufficient in a condemnation action to sustain an interest in real estate. Even the owners of the real estate sought to be taken may not claim damages for loss of profits, since it is presumed that the land has an increased value because of its profit earning status and such elements are taken into consideration in evaluating the worth of the land itself. *Burns Ind. Stat. Anno.,* § 3-1706;

*Elson* v. *City of Indianapolis* (1965), 246 Ind. 337, 204 N. E. 2d 857.

All interests in the rights in real estate are compensable, such as the rights of ingress, egress, air space above, easements, etc. *State* v. *Lovett* (1970), 254 Ind. 27, 257 N. E. 2d 298; *Indiana Toll Road Commission* v. *Jankovich* (1963), 244 Ind. 574, 193 N. E. 2d 237, Cert. granted 84 S. Ct. 1352, 377 U.S. 942, 12 L. Ed. 2d 305, Cert. dismissed 85 S. Ct. 493, 379 U.S. 487, 13 L. Ed. 2d 439; *State* v. *Ensley* (1960), 240 Ind. 472, 164 N. E. 2d 342. However, a loss in profits by reason of a reduction in traffic alone is not compensible. *Papp* v. *City of Hammond* (1967), 248 Ind. 637, 230 N. E. 2d 326.

One who owns no describable or recognizable interest in the real estate taken is not entitled to damages. This includes contiguous property owners whose lands or interests therein are not taken. *Glendenning* v. *Stahley* (1910), 173 Ind. 674, 91 N. E. 234.

We have come to the conclusion that the appellants have no recognizable interest in the real estate taken and are not entitled to claim damages for any speculative profits lost. We are reenforced in such a result for another reason, also. In our opinion, the oral agreement here for a joint venture would violate the Statute of Frauds to the extent it attempted to convey an interest or title to real estate. *Burns' Ind. Stat. Anno.*, § 33-101, reads in pertinent part, as follows:

"33-101—When contracts must be in writing—No action shall be brought in any of the following cases:
\* \* \*
Fourth. Upon any contract for the sale of lands.
\* \* \*
Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three (3) years."

The courts are prohibited from recognizing or enforcing any purported interest in the real estate based upon or attempted to be transferred by the unwritten joint venture agreement. The appellants do not and are unable to describe the legal or equitable interest which they must own in the real estate taken to recover damages therefor. We find, therefore no constitutional issue presented showing a taking of property under the current Eminent Domain statute.

Judgment of the trial court is affirmed.

Hunter, Givan, DeBruler, JJ., concur; Prentice, J., dissents with opinion.

### DISSENTING OPINION

PRENTICE, J.—I agree with the majority opinion insofar as it holds that the appellants are properly before this Court but part company at that juncture. The appellants, Stephen A. Radford and Elsie B. Radford are not mere interlopers. They were joined in their attempts to be named as parties defendants by those appellants who were named as such defendants by the State in the condemnation proceedings. The question of compensable interest is a fact question and should have been determined upon its merits. In light of the claim, joined in by all of the interested parties, it is difficult to doubt that there would be any scarcity of evidence as to the existence of such an agreement and its terms. If there was, in fact, such an agreement, then with reference to the question of damages to the residue, I see no reason to distinguish between such a case as this and one where all interested parties are united in record title. That the residue will be a larger tract than would have been the case had there been no unity of interest, may render the damages greater or lesser. They are, nevertheless, to the residue as a whole, and the fact that there are separate owners or multiple parties united in title has no effect. Doubtlessly, the question of dividing the award could become complex, but this is a separate question and no different than the one that must be resolved where there are

multiple parties by reason of leasehold interest, easements, etc. That the joint venture agreement is oral only is immaterial. It is not thereby rendered void but is merely without a remedy for its enforcement. This is a matter between the parties and is of no consequence. This is not a case of a party seeking compensation for something that is not compensable, and I think the parties should be permitted to prove their agreement, that the same is bona fide, their total damages and their respective interests therein.

NOTE.—Reported in 279 N. E. 2d 554.