Lola J. EVANS, Personal Representative
of Kenneth E. Wyant,
Deceased, Appellant,

v.

Lewis E. PALMETER and Transport
International Pool, Inc., Appellees.

No. 34S00–8803–CV–371.

Supreme Court of Indiana.

April 5, 1988.

Courtney B. Justice, Logansport, Thomas
J. Trauring, Fell, McGarvey and Trauring,
Kokomo, for appellant.

Charles F. Robinson, Jr., Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb,
Indianapolis, for appellees.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

In an opinion reported in 509 N.E.2d 1130
(1987), the Court of Appeals affirmed in
part and reversed in part a decision of the
trial court in which it sustained a motion
for summary judgment in favor of Transport International Pool, Inc. and rendered
judgment on a jury verdict in favor of
appellee Lewis E. Palmeter. The Court of
Appeals approved the granting of summary
judgment in favor of Transport International Pool, Inc. but reversed the judgment
in favor of Palmeter. In a dissenting opinion, Judge Conover concurred with the
granting of summary judgment but dissented as to the reversal of the judgment
in favor of Palmeter. We are in complete
agreement with Judge Conover's dissenting opinion.

The facts are: Just prior to the accident
in question, Kenneth Wyant was northbound on his motorcycle on State Highway
29. Lewis Palmeter, who was driving a
tractor-trailer, had been following Wyant
at a distance of about 60 feet for approximately 25 to 30 miles at an estimated speed
of between 55 and 60 miles per hour. For
an unknown reason, Wyant suddenly
slowed his motorcycle but remained upon
the travelled portion of the highway.
Palmeter testified that at that moment he
had glanced in his rear view mirror, and
when he again focused on the motorcycle,
the brake light was on and he was too close
to avoid a collision. Wyant died as a result

of the collision. Tests showed that Palmeter had a blood alcohol content of .025 percent.

■ The Court of Appeals opinion reversed the jury verdict on the ground that Palmeter was negligent as a matter of law, citing various statistics as to how far an automobile will travel in a second at 60 miles per hour and from that they deduced appellant was following too closely as a matter of law. As observed by Judge Conover, the Indiana Legislature has never seen fit to establish a safe following distance at any given speed as a matter of law. It has been the wisdom of the legislature to leave such matters to be determined by individual juries in individual factual situations. This is not too surprising in view of the fact that most jurors operate motor vehicles on our highways and are conversant with the manner in which traffic moves and the ability of drivers to control their vehicles under varying conditions. All of the facts above recited were fully presented to the jury. It was for them to determine whether or not Palmeter was in fact negligent in the manner in which he was operating his truck. This was purely a factual situation to be weighed.

Although Ind.Code § 9-4-1-73(a) provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent," many cases starting with *Opple, et al. v. Ray* (1935), 208 Ind. 450, 195 N.E. 81, have held that although a driver has a duty to watch the traffic ahead of him, he is not necessarily chargeable with negligence should he collide with a vehicle ahead of him if it should stop suddenly and unexpectedly without signaling. In the case at bar, Palmeter had been following Wyant for over 25 miles on a clear and open road. It was within the province of the jury to determine whether, under the circumstances, Palmeter could have anticipated a sudden slowing of the motorcycle under such conditions.

The fact that Palmeter stated that he had looked in his rear view mirror at the moment the motorcycle slowed did not bind the jury to find that Palmeter was negligent. Proper operation of a vehicle dictates that the driver maintain vigilance to either side and to the rear as well as to the front as he proceeds down the highway. The jury was entitled to take this into consideration in fixing liability. The fact that Palmeter had tested .025 percent blood alcohol content immediately following the accident was again a matter for the jury to take into consideration, especially due to the fact that the legislature has established that " '[r]elevant evidence of intoxication' includes evidence that at the time of an alleged violation there was at least five hundredths per cent (0.05%), ... of alcohol in the person's blood." Ind.Code § 9-11-1-7.5 For there to be *prima facie* evidence of intoxication, there must be "ten hundredths percent (.10%), or more, by weight of alcohol in the person's blood. Ind.Code § 9-11-1-7. In the case at bar, Palmeter's blood alcohol content was only half that required to establish even relevant evidence of intoxication and was only one-fourth that required to show *prima facie* evidence of intoxication. This again was a fact to be weighed by the jury to determine whether or not Palmeter was negligent.

In rendering its decision, the Court of Appeals necessarily weighed the facts. In doing so they invaded the province of the jury. *State v. Lovett* (1970), 254 Ind. 27, 257 N.E.2d 298.

■ The Court of Appeals also held it was error for the trial court to instruct the jury on "sudden emergency." Although, it is true, the evidence in this case fails to demonstrate a dramatic and obvious sudden emergency such as vehicles colliding in Palmeter's path, there was evidence from which the jury might determine that Palmeter was suddenly faced with the unexpected slowing of a vehicle in his path. Again, Judge Conover correctly observed that the sudden emergency doctrine is an affirmative defense. It is a primary responsibility of the trial court to instruct the jury concerning that defense if there is any evidence to support its application. *Stein v. Yung* (1985), Ind.App., 475 N.E.2d 52, *trans. denied.* We hold this record con-

tains sufficient evidence to justify the trial court in giving the sudden emergency instruction. It was for the jury to apply that instruction to the facts before it.

The opinion of the Court of Appeals is set aside and the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., dissent without separate opinion.