**TORNATTA INVESTMENTS, LLC, Appellant–Plaintiff,**

v.

**INDIANA DEPARTMENT OF TRANSPORTATION, Appellee–Defendant.**

No. 82A01–0701–CV–35.

Court of Appeals of Indiana.

Jan. 28, 2008.

Leslie C. Shively, Shiveley & Associates, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, David Steiner, Deputy Attorney General, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Tornatta Investments ("Tornatta") filed a complaint for declaratory judgment in Warrick Superior Court against the Indiana Department of Transportation ("INDOT") alleging that INDOT's purchase of an adjacent property caused a substantial diminution in value of Tornatta's real estate, which resulted in a taking without just compensation. The trial court concluded that INDOT's actions did not constitute a taking and entered judgment in favor of INDOT. Tornatta appeals and argues INDOT's purchase of the adjacent real estate interfered with Tornatta's right to assemblage, and the interference of such right resulted in a compensable taking. We affirm.

### Facts and Procedural History

Tornatta owns real estate located at 2329 W. Lloyd Expressway in Evansville, Indiana. Tornatta leases the real estate to Tornatta Tire, a business engaged in retail sales and service of motor vehicle tires. In 2002, INDOT purchased a portion of Tornatta's real estate for the purpose of facilitating an intersection improvement project.

On March 19, 2002, Tornatta entered into a purchase agreement with developer Gene Warren Jr. Company, Inc. ("Warren"), in which Warren agreed to purchase Tornatta's remaining property for $650,000. However, the purchase agreement was contingent upon Warren's ability to acquire other real estate owned by Mead Johnson Company located within the city block where Tornatta's real estate is located. Warren desired to purchase Tornatta's real estate and the surrounding property to provide a site for a CVS retail pharmacy operation.

INDOT's representative was made aware of the agreement between Tornatta and Warren during INDOT's negotiations with Tornatta concerning its purchase of a portion of Tornatta's real estate. Sometime between July and August 2002, the State entered into an agreement to purchase the Mead Johnson property, and obtained title to that property in 2002. When Warren became aware that the Mead Johnson property was no longer available, it terminated its contract with Tornatta for the purchase of Tornatta's real estate. Neither Tornatta nor Warren ever offered to purchase the Mead Johnson real estate sold to the State of Indiana.

On April 24, 2003, Tornatta filed a complaint for declaratory judgment alleging that INDOT's purchase of Mead Johnson's property caused a substantial diminution in value of Tornatta's real estate, which resulted in a taking without just compensation. A hearing was held on August 17, 2005, and on June 22, 2006, the trial court issued its findings of fact and conclusions of law, concluding in pertinent part:

3. The issue at this stage of the proceedings is whether Tornatta had an interest which has been taken for public use without proper appropriation?

4. Tornatta essentially argues that a taking has occurred due to their loss of opportunity to put their property to its highest and best use, namely a pharmacy, because of INDOT's purchase of neighboring property.

5. However, the highest and best use represents a component of damages to be considered once the issue of taking is resolved in favor of the landowner and should not be considered when determining whether a taking has occurred. [Citation omitted.] Additionally, a landowner is not entitled to the highest and best use of its land and a taking only occurs when government action prevents all reasonable use of the land. [Citation omitted.]

* * *

9. A diminution of property value, standing alone, will not establish a taking.

10. One who owns no recognizable interest in the real estate acquired is not entitled to damages in condemnation, and this includes contiguous property owners whose lands or interests are not taken. [Citation omitted.] An interest in profit is not sufficient to sustain an interest in real estate.

11. Tornatta has not lost any land due to INDOT's purchase of the neighboring property. Tornatta has only lost an opportunity to possibly accumulate profits. Tornatta does not have the right to assemble lands it does not own.

* * *

14. The Tornatta real estate has not been directly encroached upon and it still possesses a beneficial and productive use. Tornatta continues the operation of its business, and Tornatta admits that INDOT has not prevented this current use of the subject real estate.

Appellant's App. pp. 10–12. The court therefore entered judgment in favor of INDOT. Tornatta filed a motion to correct error, which was denied. Tornatta now appeals. Additional facts will be provided as necessary.

### Standard of Review

██ The trial court entered findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52, and we apply the following two-tiered standard of review: whether the evidence supports the findings and whether the findings support the judgment. *Staresnick v. Staresnick,* 830 N.E.2d 127, 131 (Ind.Ct.App.2005). The trial court's findings and conclusions will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. *Id.* We review conclusions of law de novo. *Id.*

### Discussion and Decision

Tornatta argues that "the right of assemblage with adjacent parcels was the highest and best use of the remainder of the Tornatta parcel prior to the State's action and the State's action resulted in a compensable taking." Br. of Appellant at 6. Tornatta also claims that "the [S]tate's acquisition of the Mead Johnson parcels was done intentionally to depress the value of the remaining Tornatta property in anticipation of a future acquisition for future improvements to [the Lloyd Expressway] and, thus, constitutes a taking." *Id.* at 13.

██ Inverse condemnation is the process provided by statute that allows individuals to be compensated for the loss of property interests taken for public purposes without use of the eminent domain process. *Old Romney Dev. Co. v. Tippecanoe County,* 817 N.E.2d 1282, 1285 (Ind. Ct.App.2004); Ind.Code § 32–24–1–16 (2002). It serves to provide a remedy for a taking of property that would otherwise violate Article 1, Section 21 of the Indiana Constitution, which provides, in relevant part: "No person's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

██ There are two stages in an action for inverse condemnation. *Old Romney,* 817 N.E.2d at 1286. First, the landowner must show that he or she has an interest in land that has been taken for a public use

without having been appropriated under eminent domain laws. *Id.; see also Beck v. City of Evansville*, 842 N.E.2d 856, 863 (Ind.Ct.App.2006), *trans. denied* ("Some physical part of the real estate must be taken from the owner or lessor, or some substantial right attached to the use of the real estate taken before any basis for compensable damage may be obtained by an owner of real estate in an eminent domain proceeding. It must be special and peculiar to the real estate and not some general inconvenience suffered alike by the public."). "A taking by inverse condemnation includes 'any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property.'" *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1227 (Ind. Ct.App.1999), *trans. denied* (citation omitted).

■ If the trial court finds that a taking has occurred, the matter proceeds to the second stage where the court appoints appraisers and assesses damages. *Old Romney*, 817 N.E.2d at 1286. "An action for inverse condemnation is premature until such time as the landowner can establish that his property has been deprived of all economically beneficial or productive use." *Mendenhall*, 717 N.E.2d at 1227–28.

In support of its argument that a taking has occurred, Tornatta relies on the doctrine of the right of assemblage. This doctrine has been defined as follows: "[w]here the highest and best use of separate parcels involves their integrated use with the lands of another, such prospective use may be properly considered in fixing the value of the property if the joinder of the parcels is reasonably practicable." *Clarmar Realty Co. v. Redevelopment Auth. of the City of Milwaukee*, 129 Wis.2d 81, 383 N.W.2d 890, 893 (1986) (quoting 4

Sackman, Nichols on Eminent Domain 12.3142(1) (3d ed.1978)). "If applicable, this doctrine allows a property owner to introduce evidence showing that the fair market value of his real estate is enhanced by its probable assemblage with other parcels." *City of Norwich v. Styx Investors in Norwich, LLC*, 92 Conn.App. 801, 887 A.2d 910, 914 (2006).

■ Here, Tornatta cites the doctrine of right of assemblage in support of its assertion that a taking has occurred, and therefore, its reliance on the doctrine is misplaced. Courts that have recognized the doctrine [1] apply it to determine the fair market value of property *after* the determination has been made that a taking has occurred. *See id.* ("Our Supreme Court recently accepted the applicability of the assemblage doctrine for valuation purposes in the context of a condemnation case."). The only issue presented in this appeal is whether a taking has occurred, and therefore, the doctrine is inapplicable.

Next, we observe that a "taking within the meaning of eminent domain includes the 'diminution in value' of a landowner's property." *See Jenkins v. Bd. of County Comm'rs of Madison County*, 698 N.E.2d 1268, 1271 (Ind.Ct.App.1998), *trans. denied*. "However, 'highest and best use' represents a component of damages to be considered once the issue of taking is resolved in favor of the landowner." *Id.* "Stated differently, *once a taking has been established*, then damages may be based upon the highest and best use of the property at the time of the taking." *Id.* (emphasis added). Where the landowner has not established a taking, "the question is whether the action of the governmental entity diminished the value of the property in its present use." *Id.*

---

1. Indiana has not specifically recognized the doctrine of right of assemblage.

Tornatta has not established that its current use of its property for the operation of the tire business was affected by INDOT's purchase of the adjacent Mead Johnson property. Consequently, we cannot conclude that INDOT's acquisition of the Mead Johnson property has diminished the value of Tornatta's property in its present use. Therefore, the trial court was correct in not considering the highest and best use of Tornatta's property, i.e. combining its property with the adjacent Mead Johnson property to develop a site for operation of a CVS pharmacy, when determining whether the property had been taken in the context of eminent domain. For these same reasons, we conclude that Tornatta has not established that IN-DOT substantially interfered with Tornatta's use and enjoyment of its property.

Under these facts and circumstances, Tornatta has not established that an interest in its property was taken for a public use.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.