**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 26 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. ADAM DAVIS**
Davis & Sarbinoff, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JOSEPH P. HUNTER**
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARNOLD BLEVINS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18A03-1201-PL-8 |
| | ) | |
| RAYMOND ARTHUR BRASSART, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |
| | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Max Ludy Jr., Special Judge
Cause No. 18C03-1005-PL-10

**July 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

After a dispute arose regarding the sale of land in Muncie, Indiana, Arnold Blevins filed suit against Raymond Brassart. The trial court determined that Blevins' claims against Brassart—including legal malpractice, breach of contract, conversion, and theft—should be dismissed because they were barred by the applicable statutes of limitation and the Statute of Frauds. Blevins was later permitted to file an amended complaint. The trial court dismissed the amended complaint, incorporating by reference its findings and conclusions from the first dismissal order. On appeal, Blevins argues that the trial court erred in dismissing his claims. We conclude that the trial court properly dismissed Blevins' claims against Brassart because they were barred by the Statute of Frauds. We affirm.

**Facts and Procedural History**

In 1977, Blevins allegedly invested $1000 to purchase land in Muncie, Indiana. Brassart and Scott Hole were the other purchasers of the land, which cost $31,500. The land was deeded to Brassart and Hole as tenants in common. The deed was recorded in Delaware County in November 1977, and Brassart and Hole later mortgaged the property to Merchants National Bank of Muncie. The mortgage was also recorded in Delaware County.

Thirty years later, in 2008, Brassart and Hole sold the land for $500,000 without notice to Blevins. When Blevins learned of the sale, he filed suit against Brassart, claiming that he, Brassart, and Hole had formed a partnership to purchase the land, and by virtue of his $1000 contribution and the men's agreement, he was entitled to one-third

of the sale proceeds. Blevins argued that Brassart, a licensed attorney in Indiana, had acted as the group's attorney, and in selling the property without notice to Blevins, Brassart had committed legal malpractice. Blevins also argued that Brassart breached the men's agreement and committed conversion and theft.

In August 2010, Brassart filed a motion to dismiss, arguing that Blevins' claims were barred by the Statute of Frauds and the applicable statutes of limitation. After a hearing, the trial court granted Brassart's motion. The trial court first noted that there was no documentation to support Blevins' claim that he contributed $1000 to the purchase of the land, nor was there a written partnership agreement. The trial court then concluded that Blevins' claim of malpractice, which stemmed from Brassart's actions in 1977,[1] was barred by the two-year statute of limitations. *See* Ind. Code § 34-11-2-3. The court reached the same conclusion as to Blevins' conversion/theft and breach of an oral agreement claims, the statutes of limitation for which are two and six years, respectively. *See* Ind. Code §§ 34-11-2-4, -7. Finally, the court concluded that Blevins' complaint was barred by the Statute of Frauds:

> 27. The Indiana Supreme Court has held in *Weldon v. State*, 289 N.E.2d 554, 557 (Ind. 1972): the courts are prohibited from recognizing or enforcing any purported interest in the real estate based upon or attempted to be transferred by the unwritten joint venture agreement.

Appellant's App. p. 17 (formatting altered).

Blevins filed a motion to correct errors, which was denied. In August 2011, Blevins filed a motion for leave to file an amended complaint, which the trial court

---

[1] Blevins disagrees with the trial court's characterization of his malpractice claim. Blevins argues that the basis for this claim is actually Brassart's actions in 2008. However, due to our resolution of the Statute of Frauds issue, discussed *infra*, we need not address this issue.

3

granted. Though the amended complaint provided more factual detail surrounding Blevins' claim of legal malpractice by Brassart, the amended complaint was largely the same as the original. *Id.* at 31-35, 87-92. Brassart filed a second motion to dismiss, arguing that Blevins' claims should be dismissed on the same grounds as the previous complaint. After a hearing, the trial court granted Brassart's motion to dismiss, incorporating by reference its findings and conclusions from its previous order dismissing Blevins' claims. *Id.* at 12.

Blevins now appeals.

**Discussion and Decision**

On appeal, Blevins contends that the trial court erred in dismissing his claims based upon the Statute of Frauds and applicable statutes of limitation. Because we find the Statute of Frauds issue dispositive, we address only that issue.[2]

Blevins argues that the trial court erred in ruling that his claims were barred by the Statute of Frauds. In pertinent part, Indiana's Statute of Frauds provides:

> A person may not bring any of the following actions unless the promise, contract, or agreement on which the action is based, or a memorandum or note describing the promise, contract, or agreement on which the action is based, is in writing and signed by the party against whom the action is brought or by the party's authorized agent:
>
> *****
>
> (4) An action involving any contract for the sale of land.

---

[2] In his appellate brief, Brassart directs our attention to numerous errors made by Blevins in the preparation and submission of his appellate materials and asks us to dismiss this appeal based on those errors. We acknowledge these mistakes; however, because we prefer to decide cases on their merits, we address Blevins' claims on appeal. Brassart also filed a motion to dismiss this appeal, which we deny in a separate motion.

4

Ind. Code § 32-21-1-1(b). In *Weldon v. State*, our Supreme Court considered whether a husband and wife could rely on an alleged "'joint venture', orally made with no written instrument evidencing or sustaining such an agreement" to recover damages for the taking of property they claimed an ownership interest in. 258 Ind. 143, 279 N.E.2d 554, 556 (1972). Concluding that reliance on such an agreement would violate the Statute of Frauds, the Court ruled that courts were prohibited from "recognizing or enforcing any purported interest in the real estate based upon or attempted to be transferred by the unwritten joint venture agreement." *Id.* at 148.

As in *Weldon*, Blevins seeks recognition and enforcement of his alleged interest in land—the land sold by Brassart and Hole in 2008. Notably, Blevins makes no claim that the alleged partnership is based on a written partnership agreement. In arguing that his claims are not barred by the Statute of Frauds, Blevins cites only case law dealing with "unwritten" partnership agreements, partnerships formed "without a writing," and "oral contracts."[3] Appellant's Br. p. 22-25. We therefore conclude that the alleged partnership agreement that serves as the basis for Blevins' claims was an unwritten joint venture agreement. This places the agreement solely under the purview of *Weldon*,[4] and under

---

[3] Moreover, if Blevins were relying on a written partnership agreement, he would be required to include that agreement, which he did not do. Trial Rule 9.2(a) states, in relevant part:

> *(A) When instrument or copy must be filed.* When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading. Such instrument, whether copied in the pleadings or not, shall be taken as part of the record.

[4] To the extent Blevins argues that this case is governed by the 1911 case of *Robinson v. Horner*, we disagree. In *Robinson*, the plaintiff presented the written agreement upon which his complaint was based. 176 Ind. 226, 95 N.E.2d 561, 564 (1911). In dicta, our Supreme Court noted that a partnership agreement "can [be formed under a parol agreement] . . . . [W]ithout such agreement being affected by the statute of frauds . . . ." *Id.* at 564. However, in *Weldon*, the Supreme Court impliedly overruled *Robinson*

the reasoning articulated therein, the trial court properly dismissed Blevins' claim of breach of the alleged partnership agreement. We also conclude that Blevins' remaining claims are precluded by the Statute of Frauds because these claims emanate from an alleged contract for the sale of land. *See* Ind. Code § 32-21-1-1(b)(4).

Affirmed.

CRONE, J., and BRADFORD, J., concur.

---

when it held that "the oral agreement here for a joint venture would violate the Statute of Frauds to the extent it attempted to convey an interest or title to real estate. . . ." *Weldon*, 279 N.E.2d at 556. We therefore proceed under the reasoning articulated in *Weldon*.